UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH HOFFMAN,

        Plaintiff,

v.

        File No. 2:10-CV-269

        HON. ROBERT HOLMES BELL

LYLE RUTTER, et al.,

        Defendants.
                                         /

**ORDER ADOPTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 24, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 18) be granted. (Dkt. No. 45, R&R.) The Plaintiff filed objections to the R&R on September 20, 2011. (Dkt. No. 51.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

This action for civil damages is brought under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that he was retaliated against by Michigan Department of Corrections (MDOC) staff for exercising his First Amendment right to free speech. (Dkt. No. 1.) Defendants moved for summary judgment, asserting that Plaintiff had not exhausted administrative

remedies; that Defendants Straub, Sherry, and Bauman had no personal involvement in the alleged retaliation; that there were non-retaliatory reasons for the actions taken against Plaintiff; and that the Defendants are entitled to qualified immunity. (Dkt. Nos. 18, 19.)

The R&R recommends that Defendants' motion be granted and the Plaintiff's case be dismissed in its entirety. As to Defendants Straub, Sherry, and Bauman, the Magistrate Judge found that Plaintiff failed to allege facts showing their personal involvement in any of the alleged retaliation. Plaintiff offers no specific objection to this finding. As a matter of law, a party cannot be held liable under § 1983 absent a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). The Court agrees with the Magistrate Judge's recommendation with respect to these defendants.

With respect to Defendants Rutter, Kurth, and Contreras, the Magistrate Judge found that Plaintiff's retaliation claim must fail because Plaintiff was not engaged in protected conduct. (Dkt. No. 45, R&R 14.) Plaintiff objects to this conclusion, arguing that his communication with journalist Brian Mockenhaupt was protected by the First Amendment. (Dkt. No. 51.) Upon review, the Court finds that Defendants have failed to carry their burden in showing that there is no material issue of fact as to whether Plaintiff engaged in protected conduct.

2

A successful Plaintiff bringing a retaliation claim under § 1983 must show: first, he was engaged in protected conduct; second, an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and third, that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In the R&R, the Magistrate Judge found issues of fact concerning Defendant Rutter's motivation for failing to recommend Plaintiff's release from administrative segregation, Defendant Kurth's motivation for removing Plaintiff from his porter position, and Defendant Contreras's prohibition of Plaintiff sending sealed media mail to Brian Mockenhaupt. (Dkt. No. 45, R&R 9-11.) Plaintiff alleges that all of these actions were taken in retaliation for his communications with Brian Mockenhaupt concerning a prior escape attempt. Nevertheless, the R&R recommends granting summary judgement in favor of these Defendants based on a finding that Plaintiff's communications with Mockenhaupt represented a security threat, and that speech which threatens prison security is not constitutionally protected.

Communication with the press involves the First Amendment rights of free speech and freedom of the press. Prisoners retain these First Amendment rights. *Nolan v. Fitzpatrick*, 451 F.2d 545, 547 (1st Cir. 1971) ("'A prisoner retains all the rights of an ordinary citizen except those expressly, or by necessary implication, taken from him by law.'")(citing *Coffin v. Reichard*, 143 F.2d 443, 445 (6th Cir. 1944)). This includes the right to send letters to the press. *Id.* at 547; *see Burnham v. Oswald*, 342 F. Supp. 880, 885 (W.D.N.Y. 1972). The media also has the right to receive letters from inmates. *Burton v. Foltz*, 599 F. Supp. 114,

3

115 (E.D. Mich. 1984) (citing *Procunier v. Martinez*, 416 U.S. 396 (1974)).  "[U]nrestricted media correspondence is important to protect the First Amendment rights of residents and the media." *Burton*, 599 F. Supp. at 117.

As the R&R correctly notes, a prisoner's First Amendment rights may be curtailed. *See Wilson v. Schillinger*, 761 F.2d 921, 925 (3rd Cir. 1985).  Prisons may refuse to mail letters which pose security risks or "concern any plan for escape." *Nolan*, 451 F.2d at 546, 551.  Additionally, prison regulations may infringe on prisoners' rights as long as they are rationally related to a "legitimate penological interest." *Thaddeus-X*, 175 F.3d at 395.  If a prisoner is in violation of a legitimate prison regulation, he is not engaged in protected conduct. *Id.* at 396.  It is clear that safety, security, and the prevention of escape may be legitimate penological interests. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

However, a constitutional violation may occur if, instead of being denied a right through an appropriate regulation, "the prisoner is penalized for actually exercising that right." *Thaddeus-X*, 175 F.3d at 395.  Here, Defendants have not claimed that the Plaintiff violated or refused to comply with any prison regulation.  Furthermore, it appears from the materials currently before the Court that Defendants had knowledge of the probable content of Plaintiff's initial communications with Brian Mockenhaupt, yet did not prohibit the communication.  While this does not, as Plaintiff suggests, automatically render the communication as protected, the speech is protected by its own nature unless curtailed for a legitimate penological reason.

Even in the absence of a prison regulation violation, Plaintiff's communication with Mockenhaupt might fall outside of First Amendment protection if it constitutes a sufficient security threat. *See Castle v. Clymer*, 15 F. Supp. 2d 640, 661 (E.D. Penn. 1998) ("Because no prison regulations were violated, unless plaintiff's letters . . . created a security risk, they were protected by the First Amendment."). However, Courts have found that outgoing correspondence creates the lowest security threat to prisons. *Id.* at 663 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989)). Although Plaintiff's communications to Mockenhaupt did concern an attempted escape at another prison, there was no discussion of any current escape plan or ongoing criminal activity, and prison officials were able to prohibit the resulting article from entering the prison. The Court finds that a genuine question of material fact exists as to whether Plaintiff's outgoing correspondence posed a sufficient security threat to remove it from the sphere of protected speech. Accordingly,

**IT IS HEREBY ORDERED** that those portions of the August 24, 2011, R&R (Dkt. No. 45) specifically concerning Defendants Straub, Sherry, and Bauman are **APPROVED** and **ADOPTED** as the opinion of the Court. Those portions of the R&R addressing Defendants Rutter, Kurth, and Contreras are **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 18) is **GRANTED** as to Defendants Straub, Sherry, and Bauman, but **DENIED** as to Defendants Rutter, Kurth, and Contreras.

Dated: September 30, 2011  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE